**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| THE CALIFORNIA INSTITUTE OF TECHNOLOGY, | |
| Plaintiff, | |
| v. | Civil Action No. 6:20-cv-01042-ADA |
| DELL TECHNOLOGIES INC. AND DELL INC., | |
| Defendants. | |

**DELL TECHNOLOGIES INC. AND DELL INC.'S 12(B)(6) MOTION TO**
**DISMISS FIRST AMENDED COMPLAINT**

## <u>TABLE OF CONTENTS</u>

**Page**

I.   INTRODUCTION ................................................................................................1

II.   STATEMENT OF FACTS .................................................................................2

    A.   The Asserted Patents................................................................................2
    B.   Dell's Original Motion To Dismiss .........................................................3
    C.   Caltech's Amended Complaint .................................................................3

        1.   Caltech's Failure To Allege Facts Concerning Dell's Specific Implementation Of The Wi-Fi Standards ......................................3
        2.   Caltech's Failure To Allege Facts Showing Compliance With The Marking Requirements Of 35 U.S.C. § 287(a) ...........................6
        3.   Caltech's Failure To Allege Facts Sufficient For An Exceptional Case Finding Under 35 U.S.C. § 285 ......................................6

III.   LEGAL STANDARD...........................................................................................7

IV.   ARGUMENT .......................................................................................................8

    A.   Caltech's Amended Complaint Should Be Dismissed Because It Fails To Plead Any Facts As To How Dell's Specific Implementation Of The Wi-Fi Standards Allegedly Infringes..................................................................8

        1.   Alleging Mere Compliance With The Wi-Fi Standards Is Legally Insufficient To Plead A Viable Infringement Claim..................................10
        2.   Alleging The Supposed Benefits Of The Asserted Patents Is Insufficient To Plead A Viable Infringement Claim..................................11
        3.   Conclusory Allegations That Dell's Accused Products Meet Claim Limitations Cannot Support A Viable Infringement Claim.....................12

    B.   Caltech's Claims For Past Damages Should Be Dismissed For Failing To Properly Plead Compliance With 35 U.S.C. § 287(a). .........................................14
    C.   Caltech's Claims For Attorney's Fees And Costs Should Be Dismissed For Failing To Plead Exceptionality.............................................................15

V.   CONCLUSION...................................................................................................15

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Akamai Technologies, Inc. v. Limelight Networks, Inc.*,
   797 F.3d 1020 (Fed. Cir. 2015) (*en banc*) ............................................................8

*Anderson v. Wells Fargo Bank, N.A.*,
   953 F.3d 311 (Fed. Cir. 2020).............................................................................4

*Arctic Cat Inc. v. Bombardier Recreational Products Inc.*,
   876 F.3d 1350 (Fed. Cir. 2017)..........................................................................14

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)..........................................................................................7

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)..........................................................................................7

*Castlemorton Wireless, LLC v. Bose Corp.*,
   No. 6:20-cv-00029-ADA, 2020 WL 6578418 (W.D. Tex. July 22, 2020)...........................7, 8

*Crown Packaging Technology, Inc. v. Rexam Beverage Can Co.*,
   559 F.3d 1308 (Fed. Cir. 2009)............................................................................6

*De La Vega v. Microsoft Corp.*,
   2020 WL 3528411 (W.D. Tex. Feb. 11, 2020).............................................................7, 9, 13

*Effectively Illuminated Pathways LLC v. Aston Martin Lagonda of North
   America, Inc.*,
   No. 6:11-cv-00034-LED, 2011 WL 13223466 (E.D. Tex. Sept. 29, 2011) ............................9

*Fujitsu Ltd. v. Netgear Inc.*,
   620 F.3d 1321 (Fed. Cir. 2010)..........................................................................10, 11

*Intellectual Ventures I LLC v. Trend Micro Inc.*,
   944 F.3d 1380 (Fed. Cir. 2019)............................................................................15

*Judin v. United States*,
   110 F.3d 780 (Fed. Cir. 1997)............................................................................12

*Kazenercom Too v. World Trade Financial Corp.*,
   No. 11-cv-00831-AWA, 2012 WL 13029410 (W.D. Tex. Mar. 12, 2012)...........................4

*Knox v. Rosenberg*,
   No. 99-cv-00123-LHR, 1999 WL 35233291 (S.D. Tex. Sept. 28, 1999) ............................14

*Medsquire LLC v. Quest Diagnostics, Inc.*,
    2:11-cv-04504-JHN-PLAx, 2011 U.S. Dist. LEXIS 154917 (C.D. Cal. Dec. 1,
    2011) .................................................................................................................10

*Mullins v. Testamerica Inc.*,
    300 F. App'x 259 (5th Cir. 2008) .....................................................................14

*North Star Innovations, Inc. v. Micron Technology, Inc.*,
    No. 17-cv-00506-LPS, 2017 WL 5501489 (D. Del. Nov. 16, 2017)...................13

*On Track Innovations Ltd. v. T-Mobile USA, Inc.*,
    106 F. Supp. 3d 369 (N.D.N.Y. 2015) ...............................................................10

*Optis Wireless Tech., LLC v. Huawei Techs. Co.*,
    2:17-cv-00123-JRG-RSP, 2018 U.S. Dist. LEXIS 115100 (E.D. Tex. Jul. 11,
    2018) ............................................................................................................10, 11

*Packet Intelligence LLC v. NetScout System, Inc.*,
    965 F.3d 1299 (Fed. Cir. 2020)........................................................................14

*Patent Harbor, LLC v. DreamWorks Animation SKG, Inc.*,
    No. 6:11-cv-00229-JDL, 2012 WL 9864381 (E.D. Tex. July 27, 2012)................8

*Peralta v. California Franchise Tax Bd.*,
    673 F. App'x. 975 (Fed. Cir. 2016) ....................................................................8

*PrinterOn Inc. v. BreezyPrint Corp.*,
    93 F. Supp. 3d 658 (S.D. Tex. 2015) ................................................................12

*Refac International, Ltd. v. Hitachi, Ltd.*,
    141 F.R.D. 281 (C.D. Cal. 1991) ......................................................................12

*Uniloc USA v. Avaya, Inc.*,
    No. 6:15-cv-01168-JRG, Dkt. No. 48 (E.D. Tex. May 13, 2016) ...........................9

**Statutes and Rules**

35 U.S.C. § 285........................................................................................ *passim*

35 U.S.C. § 287(a) .................................................................1, 6, 13, 14

Fed. R. Civ. P. 8(a)(2).................................................................1, 7, 8, 12

Fed. R. Civ. P. 12(b)(6)...............................................................1, 7, 15

Local Rule CV-5(b)(1)...........................................................................1

## I.    INTRODUCTION

At the outset of this case, Dell Technologies Inc. and Dell Inc. ("Dell") filed a motion to dismiss in which it identified multiple grounds requiring dismissal of the original Complaint filed by The California Institute of Technology ("Caltech").  Rather than attempt to defend its pleading on the merits, Caltech abandoned it and filed an Amended Complaint.  But that amended pleading still falls short of satisfying the pleading standards of Rules 8 and 12(b) in the significant respects, and thus requires dismissal.

*First*, Caltech's Amended Complaint, like its initial one, fails to plead a plausible claim of infringement.  As Dell explained in its prior motion to dismiss, Caltech's original Complaint did not plausibly plead infringement because it (1) failed to plead *any* facts alleging how even a single Dell product purportedly infringes, and (2) relied entirely on allegations of compliance with Wi-Fi standards despite Caltech's admission that there are non-infringing ways to practice the standards.  Caltech's Amended Complaint fares no better.  It still fails to allege *any* facts about how Dell's specific implementation of the Wi-Fi standards works.  Instead, it merely adds bare assertions that Dell must infringe because the asserted patents supposedly provide an "efficient and cost effective" manner in which to implement the standards.  These new allegations—directed to the purported benefits of the asserted patents rather than how Dell actually implements the accused functionality—are legally insufficient.  Even if accepted as true, no asserted patent mentions the standards or purports to cover all "efficient and cost effective" implementations of them.  Thus, Caltech's Amended Complaint must be dismissed as a matter of law because it does not plead a viable claim for patent infringement.

*Second*, Caltech seeks only past damages for three of the four patents-in-suit with apparatus claims, but alleges *no facts* establishing compliance with the marking obligations of 35 U.S.C. § 287(a)—despite Caltech's prior judicial representations that its licensee has sold *millions*

of products that practice those patents.  Caltech's original Complaint said nothing about marking.  Its Amended Complaint instead does little to cure this defect, contending Caltech need not comply with marking requirements because no licensee has made or sold products subject to it.  These new allegations directly contradict Caltech's prior representations.  Caltech cannot avoid dismissal of its past damages claim with respect to these patents by reciting allegations that squarely conflict with its prior judicial admissions.  Instead, it must plead facts sufficient to establish marking—which it has failed to do.

*Third*, the Amended Complaint states that Caltech is entitled to attorney's fees and costs, without alleging any facts that, if accepted as true, would make this case exceptional under 35 U.S.C. § 285.  This deficiency is particularly egregious as Dell raised this issue in its prior motion, yet Caltech's Amended Complaint still offers no supporting facts.  Because the *Iqbal/Twombly* pleading standard makes clear that conclusory assertions are not enough to satisfy the pleading threshold, Caltech's unsupported exceptional case claim should be dismissed.

Accordingly, dismissal is required because Caltech has failed to plead facts sufficient to establish a viable claim for infringement, past damages for three of the patents-in-suit, or attorney's fees and costs.

## II.    STATEMENT OF FACTS

### A.    The Asserted Patents

Caltech's original Complaint alleged Dell infringed three patents:  U.S. Pat. Nos. 7,116,710 ("'710 patent"), 7,421,032 ("'032 patent"), and 7,916,781 ("'781 patent").  The Amended Complaint adds two more:  7,716,552 ("'552 patent") and 8,284,833 ("'833 patent").  The '710, '032, '781, and '833 patents expired on August 18, 2020.  Dkt. No. 34 ("Am. Compl.") ¶ 19.

The patents-in-suit recite a total of 135 claims, including both apparatus and method claims.  According to the Amended Complaint, the patents-in-suit relate to codes capable of

correcting errors that arise during data transmission.  *Id.* ¶ 21.  The Amended Complaint further alleges that the '552 patent relates to a "class of error correction codes called 'repeat and accumulate codes,'" and the '710, '032, '781, and '833 patents relate to a "class of error correction codes . . . called 'irregular repeat and accumulate codes[.]'"  *Id.*

### B.    Dell's Original Motion To Dismiss

On February 26, 2021, Dell moved to dismiss the original Complaint for failing to sufficiently allege (1) infringement, (2) compliance with the marking obligations under 35 U.S.C. § 287(a), and (3) exceptionality in support of attorney's fees and costs.  *See* Dkt. No. 26 ("Dell Mot.").  The original Complaint failed to plausibly allege infringement because Caltech merely repeated claim limitations and baldly asserted that Dell's products practiced those claims based on nothing more than alleged Wi-Fi standards-compliance.  *Id.* at 6–10.  It also failed to allege compliance with the marking requirements notwithstanding Caltech's representation in a prior litigation that its licensee Hughes Communications, Inc. ("Hughes") has sold millions of products that practice the '710, '032, '781, and '833 patents.  *Id.* at 10–12.

### C.    Caltech's Amended Complaint

Caltech never filed an opposition to Dell's motion to dismiss.  Instead, it abandoned that pleading by filing its Amended Complaint on March 19, 2021.  *See* Am. Compl.  The Amended Complaint added a few factual allegations, as well as the two new patents.  However, the Amended Complaint fails to cure the deficiencies that Dell identified in the original Complaint.

### 1.    Caltech's Failure To Allege Facts Concerning Dell's Specific Implementation Of The Wi-Fi Standards

Caltech's Amended Complaint (like the original one) alleges that Dell's products support certain sections of the Wi-Fi standards.  *E.g.*, Dkt. No. 1 ("Compl.") ¶¶ 31–35; Am. Compl. ¶¶ 34–38.  Caltech concedes that these sections of the standards can be implemented without practicing

3

the patents-in-suit.  *See* Am. Compl. ¶ 26.  Yet, the Amended Complaint alleges no facts showing ***how*** even a single Dell product works or supposedly meets a single asserted claim, much less facts showing ***why*** Dell's specific implementation of the Wi-Fi standards is not among those implementations that Caltech and its expert concede "do not meet the limitations of Caltech's claims[.]"  *E.g.*, Ex. 3 (Shoemake) at 76:11–24.

Instead, for each patent-in-suit, Caltech's Amended Complaint identifies a representative claim and states the ***legal conclusion*** that the accused products practice "each and every limitation of at least [the representative claim]."  Am. Compl. ¶¶ 33, 47, 61, 74, 87.  Caltech then alleges that the 802.11n, 802.11ac, and 802.11ax IEEE Wi-Fi standards only "*may* be implemented using Caltech's patented RA/IRA/LDPC encoder and decoder technology."  *Id*. ¶ 27.[1]  Caltech does ***not*** allege that the standards or any specific "encoder or decoder technology" ***require*** the use of Caltech's patents.  This is consistent with Caltech's prior representations in the *Caltech v. Broadcom* litigation that "Caltech's ['710, '032, and '781] patents are ***not*** standard essential patents."  Ex. 1 (Caltech Mot.) at 1; Ex. 3 (Shoemake) at 76:10–12, 79:17–18 (Caltech's expert testifying at trial about implementations that "perform . . . according to the Wi-Fi standard," but "do not use Caltech's patents" and therefore do not infringe).

In other words, Caltech and its expert have previously admitted in judicial proceedings that the same Wi-Fi standards at issue here can be implemented ***without*** practicing at least the asserted '710, '032, and '781 patents,[2] and the Amended Complaint does not allege that any of the five

---

[1] Emphasis added, and internal citations and objections omitted throughout, unless otherwise noted.

[2] The Court can take judicial notice of the official record in *Caltech v. Broadcom* because it is a prior public judicial proceeding that addresses material pertinent to this litigation.  *See Anderson v. Wells Fargo Bank, N.A.*, 953 F.3d 311, 314 (Fed. Cir. 2020) (holding courts may take judicial notice of public records in prior judicial proceedings); *Kazenercom Too v. World Trade Financial Corp.*, No. 11-cv-00831-LY, 2012 WL 13029410, at *6 n.5 (W.D. Tex. Mar. 12, 2012) (same).

patents-in-suit is necessarily infringed merely by practicing the standards.  Therefore, Caltech has not alleged any basis to find infringement simply because a product supports the Wi-Fi standards.

Caltech also includes conclusory statements speculating that the accused products infringe "because implementations of the [Wi-Fi standards] that infringe the [asserted patents] perform substantially fewer computations, have substantially more efficient circuitry, use less memory, consume less semiconductor die area, consume less power and are otherwise more efficient and cost effective than implementations that do not infringe."  Am. Compl. ¶¶ 39, 54, 67, 80, 93.  That is, Caltech alleges infringement based on nothing more than bare assertions that infringement may have advantages as compared to (unspecified) other "implementations that do not infringe."  But again, Caltech alleges **no facts** about the accused products themselves, including nothing showing how the accused products actually implement the standards or supposedly practice the limitations of even one asserted patent claim.  Caltech fails to even allege whether (and on what basis) Caltech believes the accused products possess the advantages that Caltech alleges are inherent to infringing the asserted patents.

Caltech then concludes each patent section by parroting the claim language and declaring that Dell's accused products meet those limitations—such as "[t]he first coders repeat the stream of bits irregularly and scramble the repeated bits," "[t]he LDPC encoders in the Accused Products encode the collection of message bits in accordance with the Tanner graph depicted in claim 11," "[t]he LDPC encoders include an outer encoder having a rate less than one," and "[t]he encoding operation includes an accumulation of mod-2 or exclusive-OR sums of bits in subsets of the information bits."  *Id*. ¶¶ 39, 54, 67, 80.  Once again, Caltech provides **no factual** support for these **legal conclusions** beyond generic allegations that the products comply with the Wi-Fi standards—

5

allegations that are legally insufficient because Caltech concedes its patents are not standards-essential.

### 2.   Caltech's Failure To Allege Facts Showing Compliance With The Marking Requirements Of 35 U.S.C. § 287(a)

Caltech's infringement claims seek past damages for the asserted patents. *Id*. ¶ 19.  But the Amended Complaint fails to allege any facts showing that Dell had pre-suit actual notice of its alleged infringement or pre-suit constructive notice via marking in accordance with 35 U.S.C. § 287(a).  Instead, Caltech alleges for each asserted patent that it has complied with the patent marking statute "at least because neither Caltech nor any party that has held a license to the [Asserted Patents] have made, offered for sale, or sold any products in the United States subject to the marking requirements." *Id*. ¶¶ 44, 58, 71, 84, 97.

However, Caltech has stated in prior proceedings, subject to judicial notice here, that it licensed four of the asserted patents—the '710, '032, '781 and '833 patents—to Hughes and that Hughes has sold millions of products practicing those patents.  Ex. 2 (Trial Tr.) at 52:15–53:8, 75:13–76:3.  Yet, the Amended Complaint does not allege any facts showing that Caltech took any efforts (much less reasonable ones) to ensure that Hughes marked those products with the '710, '032, and '833 patents.[3]

### 3.   Caltech's Failure To Allege Facts Sufficient For An Exceptional Case Finding Under 35 U.S.C. § 285

The Amended Complaint (like the original) states that Dell's alleged infringement "is exceptional and entitles Caltech to attorney's fees and costs," but pleads no facts supporting that

---

[3] Marking requirements do not apply to patents that claim only methods, such as the '781 patent, because "where the patent claims are directed to only a method or process there is nothing to mark." *Crown Packaging Tech., Inc. v. Rexam Beverage Can Co.*, 559 F.3d 1308, 1316-17 (Fed. Cir. 2009) (quoting *Am. Med. Sys., Inc. v. Med. Eng'g Corp.*, 6. F.3d 1523, 1538-39 (Fed. Cir. 1993)).

conclusion.  Am. Compl. ¶¶ 45, 59, 72, 85, 98 (grammatical alteration added).  Caltech does not even allege that Dell had pre-suit awareness of the patents-in-suit or that Dell has engaged in any objectively unreasonable conduct that could warrant an award of attorney's fees and costs under 35 U.S.C. § 285.

## III.    LEGAL STANDARD

A complaint is subject to dismissal when it fails to "state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A well-pleaded complaint must therefore provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it demands enough facts "to state a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 547); *Castlemorton Wireless, LLC v. Bose Corp.*, No. 6:20-cv-00029-ADA, 2020 WL 6578418, at *4–5 (W.D. Tex. July 22, 2020) (applying *Twombly* and *Iqbal* in the context of a complaint alleging patent infringement).

Courts apply a two-step approach when considering Rule 12(b)(6) motions.  First, a court must accept as true all well-pleaded factual allegations; however, the court must not "accept as true a legal conclusion couched as a factual allegation."  *Iqbal*, 556 U.S. at 677–79 (quoting *Twombly*, 550 U.S. at 555).  Second, the court must determine whether the well-pleaded factual allegations "plausibly give rise to an entitlement to relief."  *Id*. at 664.  A claim is implausible when it does not allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.  *Id*. at 678.

To state a claim for patent infringement, the plaintiff must plead facts that identify an accused product and describe how that product allegedly infringes.  *See De La Vega v. Microsoft Corp.*, No. W-19-cv-00612-ADA, 2020 WL 3528411, at *6–7 (W.D. Tex. Feb. 11, 2020).

## IV.   ARGUMENT

Dell moves to dismiss on three grounds: (1) Caltech's Amended Complaint fails to plead factual allegations sufficient to establish a viable claim for patent infringement, (2) Caltech's claims for past damages for the '710, '032, and '833 patents fail to plausibly plead compliance with the patent marking statute, and (3) Caltech's claim seeking an award of attorneys' fees and costs fails to plead any facts in support of an exceptional case theory.

### A.   Caltech's Amended Complaint Should Be Dismissed Because It Fails To Plead Any Facts As To How Dell's Specific Implementation Of The Wi-Fi Standards Allegedly Infringes.

A claim for patent infringement requires proof that the accused product or method meets every limitation of at least one asserted patent claim. *See Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015) (*en banc*).[4] Thus, to give "fair notice" of a claim for patent infringement under Rule 8 and *Iqbal*, a complaint must plead (1) the specific patent claims at issue and (2) how the accused products or methods allegedly practice those claims. *See Peralta v. Cal. Franchise Tax Bd.*, 673 F. App'x. 975, 980 (Fed. Cir. 2016) (upholding dismissal of complaint that contained only "boilerplate allegation that defendants infringe"); *see also Castlemorton Wireless,* 2020 WL 6578418, at *5 (dismissing indirect infringement claim because "complaint does not plead any facts that would support an allegation of pre-suit knowledge").

Moreover, "cases involving more nebulous, less tangible inventions such as computer software methods may require a higher degree of specificity to provide proper notice to the defendant." *Stragent LLC v. BMW of N. America*, No. 6:16-cv-00446-RWS, 2017 WL 2821697, at *2 (E.D. Tex. Oct. 23, 2019) (citing *Uniloc USA v. Avaya, Inc.*, No. 6:15-cv-01168-JRG, Dkt.

---

[4] The Amended Complaint alleges only direct infringement and does not allege that Dell has indirectly infringed by inducing or contributing to the infringement of any third parties.

No. 48 at 7 (E.D. Tex. May 13, 2016)); *see also Patent Harbor, LLC v. DreamWorks Animation SKG, Inc.*, No. 6:11-cv-00229-JDL, 2012 WL 9864381, at *4 (E.D. Tex. July 27, 2012) (same); *Effectively Illuminated Pathways LLC v. Aston Martin Lagonda of N. Am., Inc.*, No. 6:11-cv-00034-LED, 2011 WL 13223466, at *3 (E.D. Tex. Sept. 29, 2011) (same).

Here, the patents-in-suit are directed to "more nebulous, less tangible" features that require Caltech to plead infringement with specificity.  The asserted claims recite two types of error correction codes ("repeat and accumulate codes" and "irregular repeat and accumulate codes") that employ mathematical operations like "modulo-2" summing to correct errors that may appear during data transmission.  Am. Compl. ¶ 21.  The asserted claims further require elements such as repeating bits (i.e., binary digits) irregularly and outputting bits at a certain rate ('710 patent, 8:33–41), generating parity bits in accordance with Tanner graphs ('032 patent, 8:63–9:34), encoding signals using linear transform and accumulation operations ('781 patent, 7:25–38), operating on subblocks of blocks of input bits with corresponding subcodes ('552 patent, 8:11–13), and using a permutation module to combine bits from different sets of memory locations based on corresponding indexes ('833 patent, 7:25–30).  The abstract nature of these claims requires Caltech to allege infringement with specificity.  *See Uniloc USA*, *Inc. v. Avaya Inc.*, No. 6:15-cv-01168-JRG, 2016 WL 7042236, at *2–4 (E.D. Tex. May 13, 2016) (requiring infringement of claims relating to communications hardware and software to be pleaded with specificity); *De La Vega*, 2020 WL 3528411, at *6–7 (dismissing claims for failure to plead how the accused instrumentalities infringe the claims).

Yet, in its Amended Complaint, Caltech fails to plead any facts concerning how Dell's specific implementation works, and instead relies solely on (1) allegations that Dell's accused products comply with the Wi-Fi standards, (2) assumptions regarding the purported benefits of

Dell's implementation of the Wi-Fi standards, and (3) unsupported legal conclusions that Dell's accused products meet the asserted claims.  Each fails to plead a viable infringement claim, whether considered individually or as a whole.

### 1. Alleging Mere Compliance With The Wi-Fi Standards Is Legally Insufficient To Plead A Viable Infringement Claim.

Similar to its original Complaint, Caltech's Amended Complaint relies on allegations that Dell's accused products comply with the IEEE Wi-Fi standards.  Am. Compl. ¶¶ 34–38, 49–52, 63–66, 76–79, 89–92.  But Caltech admits that these same standards can be implemented ***without*** infringing the asserted patents.  Am. Compl. ¶ 27 (only pleading that the 802.11n, 802.11ac, and 802.11ax standards "***may*** be implemented using Caltech's patented RA/IRA/LDPC" codes); Ex. 3 (Shoemake) at 76:11–24, 79:16–21 (Caltech's expert testifying that devices can "perform . . . according to the Wi-Fi standard" but "do not use Caltech's patents").

Caltech's standards-based allegations are therefore legally insufficient to support a viable claim for patent infringement.  *See Stragent*, 2017 WL 2821697, at *5 (pleading compliance with a standard is insufficient to allege infringement when the plaintiff "adduced no facts suggesting that the asserted claims 'cover every possible implementation of [the standard]'") (citing *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1327 (Fed. Cir. 2010)).  "[I]n many instances, an industry standard does not provide the level of specificity required to establish that practicing that standard would always result in infringement." *Fujitsu Ltd.*, 620 F.3d at1327; *accord On Track Innovations Ltd. v. T-Mobile USA, Inc.*, 106 F. Supp. 3d 369, 378 (N.D.N.Y. 2015) (quoting *Fujitsu*); *Optis Wireless Tech., LLC v. Huawei Techs. Co.*, 2:17-cv-00123-JRG-RSP, 2018 U.S. Dist. LEXIS 115100, at *5 n.2 (E.D. Tex. Jul. 11, 2018) (same); *Fr. Telecom, S.A. v. Marvell Semiconductor*, Inc., 12-cv-04967 WHA (NC), 2013 U.S. Dist. LEXIS 63823, at *7 (N.D. Cal. May 3, 2012) (same); *Medsquire LLC v. Quest Diagnostics, Inc.*, 2:11-cv-04504-JHN-PLAx, 2011 U.S. Dist.

LEXIS 154917, at *7 (C.D. Cal. Dec. 1, 2011) (same).  Especially, "if the patent is not found to be essential to the standard, the link between the product and the patent breaks."  *Optis Wireless Tech.*, 2018 U.S. Dist. LEXIS 115100, at *4.

> **2.    Alleging The Supposed Benefits Of The Asserted Patents Is Insufficient To Plead A Viable Infringement Claim.**

Faced with Dell's original motion to dismiss, Caltech added to its Amended Complaint a laundry list of benefits that the asserted patents supposedly enable, and allegations made "upon information and belief" that the accused Dell products must be an infringing implementation of the Wi-Fi standards because infringing implementations are "more efficient and cost effective" than non-infringing alternatives.  Am. Compl. ¶¶ 39, 54, 67, 80, 93.  But Caltech alleges ***no facts*** in support of these conclusory allegations about the supposed benefits of the asserted patents or its insinuation that all "more efficient and cost effective" implementations of the Wi-Fi standards necessarily infringe the asserted patents.  Indeed, Caltech does not cite the patents at all when discussing the alleged benefits of "infringing implementations."  And Caltech alleges no facts about Dell's accused products.  Caltech makes no allegations regarding how Dell implements the Wi-Fi standards.  Nor does it allege whether (or on what basis) it believes the accused Dell products have the myriad benefits Caltech alleges are a byproduct of infringement.  *See Fujitsu Ltd.*, 620 F.3d at 1328 (When "it is not sufficient for the patent owner to establish infringement by arguing that the product admittedly practices the standard . . . the patent owner must compare the claims to the accused products.").

Moreover, Caltech's Amended Complaint does not allege that the asserted patents cover *every* "efficient" and "cost effective" implementation of the Wi-Fi standards—nor could it given that the asserted patents do not contain any claim limitations requiring one or more of these purported benefits.  Therefore, even if Caltech had included factual allegations in support of its

claims about the supposed benefits of Dell's implementation of the Wi-Fi standards (which it did not, as noted above), those irrelevant allegations would be legally insufficient to support a viable infringement claim.

Caltech's failure to allege facts of infringement is inexcusable because Caltech should have possessed such facts before bringing this lawsuit. *See Judin v. United States*, 110 F.3d 780, 784–85 (Fed. Cir. 1997) (holding plaintiff must conduct a pre-suit investigation comparing the accused products against patent claims); *PrinterOn Inc. v. BreezyPrint Corp.*, 93 F. Supp. 3d 658, 709–10 (S.D. Tex. 2015) (holding a reasonable pre-suit investigation included reviewing publicly available technical material); *Refac Int'l, Ltd. v. Hitachi, Ltd.*, 141 F.R.D. 281, 286–88 (C.D. Cal. 1991) (imposing sanctions on plaintiff that failed to reverse engineer or examine accused products prior to commencing suit).

### 3. Conclusory Allegations That Dell's Accused Products Meet Claim Limitations Cannot Support A Viable Infringement Claim.

For each patent-in-suit, the Amended Complaint also recites an exemplary claim coupled with conclusory assertions that Dell's products meet the limitations (again, without reciting any factual allegations about how the products supposedly work). Am. Compl. ¶¶ 33, 39, 40, 54, 67, 80, 91. Courts routinely strike causes of action based on vague, generic statements such as these.

In *Chapterhouse, LLC v. Shopify, Inc.*, for example, the asserted patents were directed to a digital system for automating secondary purchase opportunities. No. 2:18-cv-00300-JRG, 2018 WL 6981828, at *3 (E.D. Tex. Dec. 11, 2018). The complaint split an exemplary claim into individual elements, said the accused product met each element, and provided unexplained "screenshots" purportedly showing how the accused product embodied each element. *Id.* at *2. The *Chapterhouse* court dismissed the complaint, holding that parroting a representative claim's

elements onto an accused product and providing supporting screenshots does not satisfy the pleading standard under Rule 8. *Id*.

Likewise, in *Lexington Luminance LLC v. Service Lighting & Electric Supplies, Inc.*, the patents disclosed "a semiconductor light-emitting device having a particular structure and chemical composition." No. 3:18-cv-01074-K, 2018 WL 10425908, at *2 (N.D. Tex. Oct. 9, 2018). The complaint generically alleged that the accused devices practiced the limitations of the asserted patent claim. *Id*. at *1–2. The court dismissed the claims, holding that, particularly in light of the complexity of the technology, the plaintiff must plead "[a]dditional factual information" to plausibly allege infringement. *Id*. at *2–3.

The same result should apply here. Caltech's Amended Complaint merely parrots the limitations of exemplary claims onto unspecified accused products. Am. Compl. ¶¶ 39, 40, 54, 67, 80, 91. This Court has previously held that such bare-bones pleadings are insufficient to state a patent infringement claim. *De La Vega*, 2020 WL 3528411, at *6 (dismissing infringement claims because the complaint "merely repeats the claim language" with supporting screenshots); *see also N. Star Innovations, Inc. v. Micron Tech., Inc.*, No. 17-cv-00506-LPS, 2017 WL 5501489, at *2 (D. Del. Nov. 16, 2017) ("[A] patentee cannot meet its obligation to assert a plausible claim of infringement . . . by merely copying the language of a claim element, and then baldly stating (without more) that an accused product has such an element.").

* * *

In sum, Caltech's Amended Complaint should be dismissed because it fails to plead a plausible claim for infringement with respect to any asserted patent.

**B.   Caltech's Claims For Past Damages Should Be Dismissed For Failing To Properly Plead Compliance With 35 U.S.C. § 287(a).**

To recover past damages, Caltech must allege compliance with 35 U.S.C. § 287(a), which required Caltech to (1) provide Dell with actual notice of its alleged infringement or (2) constructive notice via compliance with marking requirements under the statute.  *See* 35 U.S.C. § 287(a); *see also Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1366 (Fed. Cir. 2017) ("The patentee bears the burden of pleading and proving he complied with § 287(a)'s marking requirement.").  In its original motion to dismiss, Dell explained that Caltech's past damages claims for patents with apparatus claims should be dismissed because Caltech stated in the *Caltech v. Broadcom* trial that its licensee Hughes sold millions of products that practice those asserted patents, and yet Caltech failed to plead compliance with the marking statute.  Dell Mot. at 10–12; Ex. 2 (Trial Tr.) at 52:15–53:8, 75:13–76:3.

In its Amended Complaint, Caltech still fails to allege any facts showing that Caltech either (1) gave Dell actual pre-suit notice of its alleged infringement, or (2) "made reasonable efforts to ensure that its licensees who made, offered for sale, or sold products under the [the asserted patents] marked the products."  *See Packet Intelligence LLC v. NetScout Sys., Inc.*, 965 F.3d 1299, 1312 (Fed. Cir. 2020).  Instead, Caltech asserts that it has complied with 35 U.S.C. § 287(a) because "neither Caltech nor any party that has held a license to the [asserted patents] have made, offered for sale, or sold any products in the United States subject to the marking requirements of 35 U.S.C. § 287(a)."  Am. Compl. ¶¶ 44, 58, 71, 84, 97.  But, with respect to the '710, '032, and '833 patents, these allegations directly contradict judicially noticeable facts from the *Caltech v. Broadcom* case, where Caltech's witness testified that its licensee Hughes sold millions of products that practiced the asserted claims.  Ex. 2 (Trial Tr.) at 52:15–53:8, 75:13–76:3.

The Court "need not accept the allegations of a complaint as true to the extent that the allegations conflict with [judicially noticeable] facts." *Knox v. Rosenberg*, No. H-99-cv-00123-LHR, 1999 WL 35233291, at *6 (S.D. Tex. Sept. 28, 1999) (citing 5 Charles Alan Wright & Arthur R. Miller., *Federal Practice & Procedure* § 1362 (2nd ed. 1990 & 1998 Supp.); *see also Mullins v. Testamerica Inc.*, 300 F. App'x 259, 260 (5th Cir. 2008) (stating that allegations contradicting previous assertions are insufficient to establish jurisdiction). Accordingly, because Caltech has not pleaded anything else relating to marking requirements, Caltech's past damages claim for the '710, '032, and '833 patents should be dismissed.

### C.   Caltech's Claims For Attorney's Fees And Costs Should Be Dismissed For Failing To Plead Exceptionality.

Caltech's Amended Complaint alleges that "Dell's infringement of the [Asserted Patents] is exceptional and entitles Caltech to attorney's fees and costs incurred in prosecuting this action under 35 U.S.C. § 285." Am. Compl. ¶¶ 45, 59, 72, 85, 98 (grammatical alteration added). But this assertion of a ***legal conclusion***—unsupported by any ***factual*** allegations—is insufficient to satisfy the *Iqbal/Twombly* pleading standard for an exceptional case finding. Indeed, Caltech does not allege that Dell engaged in any acts that would render this case unusual, or even that Dell had pre-suit notice—much less pre-suit knowledge of the patents-in-suit. *See Intellectual Ventures I LLC v. Trend Micro Inc.*, 944 F.3d 1380, 1384 (Fed. Cir. 2019) (holding courts determine whether a case is exceptional by considering the "totality of circumstances"). Caltech's failure to plead facts of exceptionality renders its claim for attorney's fees and costs insufficient as a matter of law.

## V.   CONCLUSION

For the reasons stated above, Dell respectfully requests that the Court dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

Dated:  April 9, 2021

/s/ *J. Stephen Ravel*

J. Stephen Ravel
Texas Bar No. 16584975
steve.ravel@kellyhart.com
**KELLY HART & HALLMAN LLP**
303 Colorado Street, Suite 2000
Austin, TX  78701
Telephone: (512) 495-6429
Fax: (512) 495-6401

Sarah R. Frazier (*pro hac vice*)
sarah.frazier@wilmerhale.com
Richard Goldenberg (*pro hac vice*)
richard.goldenberg@wilmerhale.com
Joseph J. Mueller (*pro hac vice*)
joseph.mueller@wilmerhale.com
Richard W. O'Neill (*pro hac vice*)
richard.o'neill@wilmerhale.com
Cynthia D. Vreeland (*pro hac vice* to be
filed)
Texas State Bar No. 20625150
cynthia.vreeland@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
60 State Street
Boston, MA  02109
Telephone:  (617) 526-6000

James M. Dowd (*pro hac vice*)
james.dowd@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
350 South Grand Avenue, Suite 2400
Los Angeles, CA 90071
Telephone:  (213) 443-5300

16

Joseph F. Haag (*pro hac vice*)
joseph.haag@wilmerhale.com
Sonal N. Mehta (*pro hac vice*)
sonal.mehta@wilmerhale.com
Mark D. Selwyn (*pro hac vice*)
mark.selwyn@wilmerhale.com
**WILMER CUTLER PICKERING**
  **HALE AND DORR LLP**
2600 El Camino Real, Suite 400
Palo Alto, CA  94306
Telephone:  (650) 858-6000

Joseph Taylor Gooch (*pro hac vice*)
taylor.gooch@wilmerhale.com
**WILMER CUTLER PICKERING**
  **HALE AND DORR LLP**
One Front Street, Suite 3600
San Francisco, CA 94111
Telephone: (628) 235-1026

*Attorneys for Defendants Dell*
*Technologies Inc. and Dell Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document via the Court's CM/ECF system per Local Rule CV-5(b)(1) on April 9, 2021.

*/s J. Stephen Ravel*
J. Stephen Ravel

17