**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| THE CALIFORNIA INSTITUTE OF TECHNOLOGY, | Civil Action No.  6:20-cv-01042-ADA |
| Plaintiff, | |
| DELL TECHNOLOGIES INC. AND DELL INC., | |
| Defendants. | |
| THE CALIFORNIA INSTITUTE OF TECHNOLOGY, | Civil Action No.  6:20-cv-01041-ADA |
| Plaintiff, | |
| HP INC., | |
| Defendant. | |
| THE CALIFORNIA INSTITUTE OF TECHNOLOGY, | Civil Action No.  6:21-cv-00276-ADA |
| Plaintiff, | |
| MICROSOFT CORPORATION, | |
| Defendant. | |

## CALTECH'S STATUS REPORT AND REQUEST FOR STATUS CONFERENCE REGARDING THE PROTECTIVE ORDERS IN THE EASTERN DISTRICT OF TEXAS LITIGATION

Pursuant to the Court's November 6, 2023 Order Following Case Management Conference,

Plaintiff The California Institute of Technology ("Caltech") files this Status Report and Request

for Status Conference.  Specifically, this Status Report and Request for Status Conference relates to the scope of and procedures for identifying materials from the matter captioned *California Institute of Technologies v. Samsung Electronics*, No. 2:21-cv-446 (E.D. Tex.) [(hereinafter, "*Samsung* litigation")].  While Caltech and Defendants Dell Technologies Inc., Dell Inc., HP Inc., and Microsoft Corp. ("Defendants") (collectively, the "Parties") have made significant progress, there are still a number of open issues for which the Court's guidance is requested.  This Status Report and Request for Status Conference is necessitated by Caltech's impending deadline to comply with the Protective Order in the *Samsung* litigation in the Eastern District of Texas, which was extended earlier today (January 10, 2024) by mutual agreement with Samsung for a period of 14 days from the date of this filing.  In accordance therewith, Caltech also respectfully requests a status conference at the Court's earliest availability given the impending deadline in the Eastern District of Texas.

## Background

On October 24, 2023, the Parties appeared at a Case Management Conference before this Court.  On November 6, 2023, the Court ordered the parties to "meet and confer regarding the appropriate scope of and procedures for identifying materials from the matter captioned *California Institute of Technologies v. Samsung Electronics*, No. 2:21-cv-446 (E.D Tex.) for preservation and/or resolving any disputes over scope."  *See* Case No. 6:20-cv-01041, Dkt. 57; Case No. 21-cv-00276, Dkt. 55; Case No. 20-CV-01042, Dkt. 66.  Specifically, this related to materials produced during the course of the *Samsung* litigation that the parties and third-parties designated confidential under the Protective Order entered in that case and for which Caltech had an obligation to return or destroy such information upon the conclusion of the *Samsung* litigation.  *California*

*Institute of Technologies v. Samsung Electronics*, No. 2:21-cv-446-JRG, Dkt. Nos. 33, 77, 116, 135 (E.D. Tex.).

Between October and January, the Parties both communicated multiple times and met and conferred, including via Zoom on December 20, 2023, regarding the scope of the Protective Order in the *Samsung* litigation, the documents that were the subject of that order, Caltech's retention plan for the documents subject to those orders, and Caltech's attempt to obtain consent from the parties and third-parties to retain materials beyond what was provided for in those orders.  *See* Ex. A (November 20, 2023 Letter); Ex. B (November 27, 2023 Email); Ex. C (December 15, 2023 Letter & Exhibits); Ex. D (December 22, 2023 Email); Ex. E (January 4, 2024 Letter); Ex. F (January 8, 2024 Email); Ex. G (January 10, 2024 Email from Defendants); Ex. H (January 10, 2024 Email from Caltech).

To facilitate the discussions with Defendants, Caltech sought a continuance in the Eastern District of Texas for compliance with the Protective Order in the *Samsung* litigation.  *California Institute of Technologies v. Samsung Electronics*, No. 2:21-cv-446-JRG, Dkt. No. 366 (E.D. Tex.). On October 31, 2023, the Court in the Eastern District of Texas granted a 45-day continuance to enable the Parties and this Court to address any questions or issues arising from Caltech's obligations relating to the Protective Order.  *Id.* at Dkt. No. 369.  However, the Parties were unable to resolve their disputes within the time allocated by the Eastern District of Texas.  Therefore, on December 11, 2023, Caltech sought an additional 30-day continuance of the Protective Order to enable the parties to continue to discuss compliance with the orders.  *Id.* at Dkt. 370.  The defendants and third-parties in the *Samsung* litigation did not object to Caltech's request for an extension, but did object to an unspecified stay of the destruction of their confidential information. The Court granted Caltech's unopposed motion on December 13, 2023.  *Id.* at Dkt. 371.

On January 8, 2024, Caltech proposed filing a joint status report seeking the Court's guidance given the upcoming January 10, 2024 deadline for compliance with the Protective Order in the *Samsung* litigation.  Defendants refused, claiming it was premature as the Parties were still in discussions, and instead stating that Caltech should seek a further extension of that deadline. Ex. G at 2-3.  In an attempt to accommodate Defendants, Caltech's counsel in the *Samsung* litigation requested whether Samsung would agree to continuance of 40 days or until a ruling from this Court, whichever is later.  Samsung first rejected any further extension, stating that "Samsung does not agree to extend Caltech's deadline to comply with Judge Gilstrap's Protective Order again."  Ex. I (January 9, 2024 Email from Samsung), but subsequently agreed to a 14 day extension based on the representation that Caltech would request a hearing with this Court to occur within the next 10 days.[1]  Accordingly, Caltech further submits this Status Report to request the Court's guidance on how to proceed.

### Status of Negotiations with Defendants in this Action

Based on the Parties' numerous communications and meet and confer, the Parties have reached agreement as to the following with regards to material subject to the Protective Order in the *Samsung* litigation:

- Defendants are not seeking preservation of Samsung productions, third-party productions, source code of any party or third party, or internal correspondence.

- Pursuant to Intellectual Ventures' ("IV") authorization, Caltech is agreeing to retain the deposition transcripts for third-party witnesses from IV, as well as the documents produced by IV, as described in its January 4, 2024 letter.[2]

---

[1]  In the course of these discussions between counsel for Samsung and counsel Caltech in the Samsung litigation on January 9-10, counsel for Samsung forwarded a proposal with respect to treatment of certain materials containing Samsung confidential information, discussed in more detail below.

[2]  Caltech also received authorization from IV to produce the majority of the documents it produced in the *Samsung* litigation to the parties in the Western District of Texas

- Pursuant to authorization from the third-parties, Caltech is agreeing to retain documents produced by the Wi-Fi Alliance, Marvell and CSIRO until the close of fact discovery in the Western District of Texas. Caltech does not yet have consent to maintain materials from any other third party, but Defendants are not seeking preservation of third-party productions.

**Table 1** below summarizes the positions of each party and third-party in the *Samsung* litigation.

**Table 1: Positions of Party and Third-Parties Regarding PO Compliance**

| Party or Third-Parties | Position Regarding PO Compliance |
|---|---|
| Samsung, MediaTek | No documents or confidential material may be retained beyond what the PO provided, *i.e.*, correspondence, pleadings, and hearing transcripts that do not contain source code. |
| Intellectual Ventures (IV) | Permission granted for Susman Godfrey to retain documents unredacted through close of fact discovery in Western District cases and permission granted to Caltech to produce the majority of the documents in the Western District cases. |
| Wi-Fi Alliance, Marvell, CSIRO | Permission granted for Susman Godfrey to retain documents unredacted through close of fact discovery in Western District cases. |
| Broadcom, Qualcomm | Permission granted for Susman Godfrey to retain documents after redacting source code and/or confidential material through close of fact discovery in Western District cases. |
| Intel, NXP, DISH Networks, EchoStar | Awaiting further response. |

The Parties to date have been unable to resolve the following issues:

- The return or destruction of Samsung's expert reports pursuant to the Protective Order.

- The return or destruction of the deposition transcripts for Samsung's expert witnesses pursuant to the Protective Order.

- The return or destruction of the deposition transcripts for Samsung's fact witnesses pursuant to the Protective Order.

---

litigation. Caltech will produce those documents pursuant to the Court's schedule for the evidentiary hearing.

- The return or destruction of Samsung's discovery responses pursuant to the Protective Order.

- The return or destruction of the deposition transcripts of any third parties who have not authorized Caltech to retain such transcripts.

### Caltech's Position on Disputed Materials

The Protective Order in the *Samsung* litigation makes clear that, upon final termination of the action, "all designated material … shall at the producing Party's election either be returned to the producing Party or be destroyed." *California Institute of Technologies v. Samsung Electronics*, No. 2:21-cv-446-JRG, Dkt. No. 33 (E.D. Tex.). The Court in the Eastern District of Texas further clarified that, absent written authorization by the producing party, "Caltech may satisfy its obligation to destroy designated material contained within the reports or deposition transcripts of its own experts by redacting such information. [However, t]his provision does not apply to the reports and deposition transcripts of other experts (i.e., Samsung's experts)." *Id.* at Dkt. 365. Therefore, pursuant to the Court's orders in the *Samsung* litigation, absent consent from Samsung, Caltech is under an obligation to destroy such material designated by Samsung.

Samsung has not consented to Caltech maintaining its designated material, including such material contained in Samsung designated expert reports and deposition transcripts. Samsung's correspondence clearly states that "Samsung does not consent to Caltech's outside counsel in [the *Samsung* litigation] maintaining materials beyond those permitted to be retained by the Protective Order." Ex. C (December 15, 2023 Email Ex. N). Under the Protective Order, Caltech would not be allowed to retain a redacted copy of Samsung's expert reports or depositions until written consent is provided.

Defendants have repeatedly claimed that certain materials from the *Samsung* litigation may be relevant to claims or defenses in the Western District of Texas cases and, therefore, should be maintained despite Caltech's obligations under the Protective Order. But to date, the Defendants

have only stated at the broadest level that they are interested in "the expert reports, the Court file, and the deposition transcripts of Caltech witnesses and expert witnesses" from the *Samsung* litigation (Oct. 24, 2023 Hr'g Tr. at 32:19-33:12) and that they "are not seeking preservation of Samsung productions, third-party productions, source code of any party or third party, or internal correspondence (as defined in your November 20 letter)" (December 22, 2023 Email).  Caltech has attempted to work with Defendants to narrow the scope of documents of interest, including to determine whether any of the material contained within Samsung's own expert reports, expert deposition transcripts, and deposition transcripts of Samsung fact witness may in any way be relevant to the instant litigation, but Defendants have refused to meaningfully engage with Caltech on this particular issue.

In its latest communications on the evening of January 9 and during the day on January 10, 2024, counsel Samsung offered a new proposal, in which it agreed to allow Caltech's counsel in that litigation to retain a copy of Samsung's expert reports and the deposition transcripts of Samsung's expert witnesses, provided that Samsung's confidential information is redacted therefrom; as part of this proposal, counsel for Samsung maintained that Caltech's counsel in that action must still delete the deposition transcripts of Samsung's fact witnesses and Samsung's discovery responses.  Caltech forwarded this proposal on to Defendants in this action on January 10.  Given the timeframe, Defendants have not yet responded to that proposal from counsel for Samsung.

With respect to non-Samsung materials, Caltech has confirmed that it will retain Caltech's productions (subject to the caveat regarding the documents produced from the *Caltech v. Hughes*

litigation),[3] Caltech expert reports, Caltech expert deposition transcripts, Caltech fact witness deposition transcripts, external correspondence, docket filings, and discovery requests and responses, subject to redaction from Samsung and certain third parties as described in its January 4, 2024 letter.  *See* Ex. E (January 4, 2024 Letter).  This is consistent with the order from the Eastern District of Texas stating that "Caltech may satisfy its obligation to destroy designated material contained within the reports or deposition transcripts of its own experts *by redacting such information*."  *California Institute of Technologies v. Samsung Electronics*, No. 2:21-cv-446-JRG, Dkt. No. 365 (E.D. Tex.)(emphasis added).  Defendants have not indicated whether they agree to Caltech maintaining redacted—as opposed to unredacted—versions of these materials.  However, Caltech is only permitted to maintain unredacted materials if the designating party consents; to date, only IV, Wi-Fi Alliance, Marvell and CSIRO have consented to Caltech maintaining unredacted versions through close of fact discovery in Western District cases.  The remaining parties and third parties have either objected to Caltech maintaining materials beyond what is permitted in the Protective Order, or have otherwise only permitted Caltech to retain documents redacted for source code and/or confidential material.  *See supra* Table 1.

### Caltech's Request

Caltech reiterates that it does not object to retaining any materials that Defendants may request be retained in this action, provided, however, that doing so will not violate the Court's order in the Eastern District of Texas. Caltech's primary concern and interest is that it not be subject to potentially conflicting rulings and/or obligations in connection with the actions in the Western District of Texas and the Protective Order return or destruction obligations in the Eastern

---

[3]  Specifically, Caltech does not intend to retain materials from the *Caltech v. Hughes* litigation (that were subsequently produced in the *Samsung* litigation) because those documents are in Quinn Emanuel's possession.

District of Texas.  In particular, Caltech seeks further guidance from this Court in order to avoid, among other things, potential adverse collateral consequences in this District, such as, for example, a spoliation claim by Defendants arising from its compliance with the Protective Order in the Eastern District.

Caltech respectfully requests, at the Court's earliest opportunity in view of the limited, 14 day extension to comply with the Protective Order in the Eastern District of Texas (and in view of Samsung's request to Caltech, no later than 10 days from the date of this filing), a status conference with the Court to address and attempt to resolve these remaining issues with respect to Caltech's obligations under the Protective Order in the *Samsung* litigation.

Dated:  January 10, 2024          Respectfully submitted,

By:     */s/ James R. Asperger*
      **G. Blake Thompson**
      State Bar No. 24042033
      Blake@TheMannFirm.com
      **J. Mark Mann**
      State Bar No. 12926150
      Mark@TheMannFirm.com
      **MANN | TINDEL | THOMPSON**
      112 E. Line Street, Suite 304
      Tyler, Texas 75702
      Telephone: (903) 657-8540
      Facsimile: (903) 657-6003

      James R. Asperger (*pro hac vice*)
      QUINN EMANUEL URQUHART &
      SULLIVAN, LLP
      865 S. Figueroa Street, 10th Floor
      Los Angeles, CA 90017-2543
      Telephone: (213) 443-3000
      Facsimile: (213) 443 3100
      jimasperger@quinnemanuel.com

      Kevin Johnson
      Todd Briggs (*pro hac vice* pending)
      QUINN EMANUEL URQUHART &
      SULLIVAN, LLP
      555 Twin Dolphin Drive, 5th Floor
      Redwood Shores, California 94065-2139
      Telephone: (650) 801 5000
      Facsimile: (650) 801 5100
      kevinjohnson@quinnemanuel.com
      toddbriggs@quinnemanuel.com

      Brian Biddinger (*pro hac vice*)
      QUINN EMANUEL URQUHART & SULLIVAN,
      LLP
      51 Madison Avenue, 22nd Floor
      New York, New York 10010-1601
      Telephone: (212) 849 7000
      Facsimile: (212) 849 7100
      brianbiddinger@quinnemanuel.com

      *Attorneys for Plaintiff*
      California Institute of Technology

### CERTIFICATE OF SERVICE

A true and correct copy of the foregoing instrument was served or delivered electronically via U.S. District Court [LIVE] – Document Filing System, to all counsel of record, on this 10th day of January, 2024.

_/s/ G. Blake Thompson_
**G. Blake Thompson**